IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NAEEM BETZ )
4244 HILDRETH ST. SE. )
WASHINGTON, D.C. 20019 ) **VERIFIED COMPLAINT FOR**
) **DAMAGES, STATUTORY, PUNITIVE,**
) **ACTUAL, FEES AND EXPENSES,**
) **COSTS, AND OTHER RELATED**
PRO SE / PLAINTIFF ) **RELIEF**
)
) **JURY TRIAL DEMANDED**
) **12 JURORS**
)
v. )
)
)
)
FIRST CREDIT SERVICES, INC. )
371 HOES LANE, SUITE # 300B ) Case: 1:15-cv-01376   Jury Demand
PISCATAWAY, NEW JERSEY 08854 ) Assigned To : Contreras, Rudolph
) Assign. Date : 8/25/2015
) Description: Pro Se Gen. Civil  (F Deck)
DEFENDANT / RESPONDANT )
)
)
)
)

**COMES NOW,** the Plaintiff Naeem Betz complaining of the defendant and as follows;

**I.**         **NATURE OF ACTIONS**

This action is an action brought by the Plaintiff for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (FDCPA), Telephone Consumer Protection Act 47 U.S.C. §227, (TCPA), District of Columbia Debt Law D.C. Code § 28-3814, Fair Credit Reporting Act 15 U.S.C. § 1681 (FCRA).Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA, TCPA, FCRA, D.C. Code § 28-3814.

**RECEIVED**

AUG 25 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## II.     **THE PARTIES**

Plaintiff "Naeem Betz" is now and at all times relevant to this action an American National. Plaintiff a "consumer" as that term is defined within 15 U.S.C.§1692a(3). Plaintiff, sui juris, natural person, is a "consumer" as defined in Title 15 U.S.C. §1681a(c) applicable laws. Defendant "First Credit Services Inc." ("Debt Collector") as that term is defined within 15 U.S.C.§1692a(6). Defendant a third-party collection agency a For Profit Corporation formed under the laws of the state of New York. This company has a principle place of business located at corporate address of 371 Hoes Lane, Suite # 300B Piscataway, New Jersey 08854.

Defendant "First Credit Services Inc." are "Debt Collector" Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

## III.     **JURISDICTION AND VENUE**

The US District Court For The District of Columbia has jurisdiction pursuant Title 28 U.S.C. § 1331 and 15 U.S.C.§1692k(d), 47 U.S.C. § 227 et seq,15 U.S.C. §1681p and supplemental jurisdiction 28 U.S. Code § 1367 over D.C. Code § 28-3814 et seq. The court has jurisdiction over the Venue and is proper as the occurrences which give rise to this action took place in the Federal District Capital of the United States of America.

15 U.S.C. §1681p and supplemental jurisdiction 28 U.S. Code § 1367 over D.C. Code § 28-3814 et seq. The court has jurisdiction over the Venue and is proper as the occurrences which give rise to this action took place in the Federal District Capital of the United States of America.

**IV.                FACTUAL ALLEGATIONS**

Plaintiff Naeem Betz brings this action regarding defendant "First Credit Services Inc." Attorney Collection Agency ("Debt Collector") and each of their continued attempts to collect an alleged debt the defendants claim is owed to them. However Plaintiff "Naeem Betz" upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

On or about November 1, 2014 Plaintiff Naeem Betz received a dunning notice by defendant "First Credit Services Inc." Attorney Collection Agency ("Debt Collector") *(see, attached "Exhibit A").* The dunning notice makes numerous claims by the defendant(s) "First Credit Services Inc." ("Debt Collector"), to Plaintiff regarding an alleged outstanding delinquent personal debt. Consequently, Plaintiff is without specific knowledge and evidence that supports defendant's claims and allegations. The dunning letter appears to have willfully tried to false, mislead and deceive Plaintiff Naeem Betz and did not lawfully disclose all his rights to dispute the validity of the debt or pursuant to what State or Federal laws. Defendant "First Credit Services Inc." ("Debt Collector") Attorney Collection Agency dunning letter was presented in a double sided fashion with one side in English language and the other in Spanish language… (see, attached "Exhibit A"). The dunning letter also miscommunicates the "Maxi Miranda" towards the bottom of the dunning notice letter demand for payment.

On or about *November 13, 2014* in response to defendants dunning letter, Plaintiff served upon them by fax and email a Notice of Debt Dispute pursuant to 15 USC§1692(g)(b), FDCPA. *(see,*

*attached "Exhibit B")* The notice required the defendant "debt collector" to validate / verify their alleged debt pursuant to 15 USC§1692(g)(b). Defendant "First Credit Services Inc." ("Debt Collector") willfully decided not to respond in writing to Plaintiff(s) fax and email *(see, attached "Exhibit B")*. Defendant "First Credit Services Inc." ("Debt Collector") began calling Plaintiff(s) personal cell phone several times a day without my express written or verbal consent. *(see, attached "Exhibit C")*. Defendant's "First Credit Services Inc." ("Debt Collector") placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

These call logs are only a few of the calls that were placed to Plaintiff(s) cell phone.

On or about *December 26, 2014,* Plaintiff reviewed his consumer report file or as it is commonly known *"credit report"* by the Consumer Reporting Agency known as *"TRANSUNION, LLC"*. Plaintiff immediately recognized that one (1) alleged collection trade line in the *"ADVERSE ACCOUNT SECTION"* of Plaintiff(s) Naeem Betz *"TRANSUNION, LLC"* consumer report or credit file dated on *October 20, 2014. (see, attached "Exhibit D")*.

Plaintiff discovered defendant "First Credit Services Inc." ("Debt Collector") willfully reported this alleged debt to **"TRANSUNION, LLC"** consumer reporting agency commonly known as **"TRANSUNION CREDIT BUREAU"** without allegedly pulling Plaintiff Naeem Betz consumer credit file or credit report. The alleged inquiry was willfully not being reported to *"TRANSUNION LLC."* This alleged collection account had been placed for collection as at trade line before Plaintiff Naeem Betz received the dunning letter from the Defendant "First Credit Services Inc." ("Debt Collector") *(see, attached "Exhibit D")(see, attached "Exhibit A")*

*"TRANSUNION, LLC"*, Consumer Reporting Agency in their ***REGULAR INQUIRES or INQUIRY REVIEW SECTION*** in Plaintiff Naeem Betz consumer report of credit file *(see, attached "Exhibit D")*. The statement below is a direct quote from those two sections.

***REGULAR INQUIRIES: are posted when someone accesses your credit information from TransUnion. The presence of an inquiry means that the company listed received your credit information on the dates specified. These inquiries will remain on your credit file for up to 2 years.***

***ACCOUNT REVIEW INQUIRIES: The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you.***

***These inquiries are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiries, certain collection companies may have access to other collection company inquiries, and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).***

The Defendant "First Credit Services Inc." ("Debt Collector") information cannot be seen at all in these two specific sections titled inquires.

Also on Plaintiff Naeem Betz TRANSUNION, LLC consumer report or credit file *(see, attached "Exhibit D") at the bottom circled in red ink,* there is also a ***SECURITY ALERT*** in the form of *a Extended Fraud Alert that states: Action may be required under FCRA before opening or modifying an account. Contact consumer at (XXX) XXX-8063…* The Defendant "First Credit Services Inc." ("Debt Collector") <u>**willfully decided not to contact the consumer Plaintiff Naeem Betz when they opened an allege collection trade line account attempting to collect a non-**</u>

1  *validated or non-verified alleged debt. The Defendant "First Credit Services Inc." ("Debt*
2  *Collector") "ARE NOT CREDITORS" and never had a PERMISSIBLE PURPOSE to pull or*
3  *access Plaintiff Naeem Betz consumer credit report or file.*
4
5  On or about December 26, 2014 the Plaintiff Naeem Betz obtained his consumer credit reports
6  from the three (3) major consumer reporting credit agencies or bureaus Equifax, Experian, and
7  TransUnion. Plaintiff Naeem Betz discovered Defendant "First Credit Services Inc." ("Debt
8  Collector") are reporting this alleged debt to one of the Consumer Credit Reporting Agencies or
9  Bureaus known as **"TRANSUNION, LLC"**. Plaintiff on December 26, 2014 immediately filed
10 dispute with the consumer reporting credit agency or bureau pursuant to (FDCPA)
11 15 USC§1692 et. al, the (FCRA) Fair Credit Reporting Act, 15 U.S.C. §1681 et al. On or about
12 December 26, 2014 (SEVERAL HOURS LATER) one of the major Consumer Reporting Credit
13 Agencies or Bureaus known as **"TRANSUNION, LLC"** after conducting an investigation with
14 the furnisher Defendant "First Credit Services Inc." ("Debt Collector") concluded that the alleged
15 debt was invalid or unverifiable, and **_DELETED_** the alleged collection trade line debt from
16 Plaintiff Naeem Betz **"TRANSUNION, LLC"** consumer report or credit file *(see, attached*
17 *"Exhibit E").*
18 The disputed debt investigation *didn't even take (30) days* for **"TRANSUNION, LLC"** to
19 determine the alleged debt to be invalid or unverifiable. The *investigation details* can be seen on
20 *(see, attached "Exhibit E").*
21 Defendant "First Credit Services Inc." ("Debt Collector") **_RUINED_** Plaintiff Naeem Betz day
22 after **_CHRISTMAS HOLIDAY_** with his family and relatives. Plaintiff suffered mental emotional
23 stress and anguish as a result of the erroneous deceptive consumer credit reporting by Defendant
24 "First Credit Services Inc." ("Debt Collector"). The above-detailed conduct by the Defendant
25 "First Credit Services Inc." ("Debt Collector") has more to do with their deceptive and illegal acts
26 in their attempt to collect the alleged debt, as opposed to any determined legitimacy of their
27 alleged debt. The FDCPA, FCRA, TCPA and D.C. Code § 28-3814 relates to the defendants even
28 if they were collecting a legitimate debt.

Plaintiff asserts for the record the defendants are "Debt Collectors" pursuant to 15 U.S.C. §1692a (6). Plaintiff could have suffered significant economic harm as a result of the erroneous credit reporting by the Defendant "First Credit Services Inc." ("Debt Collector")

Plaintiff therefore seeks to recover damages, actual, statutory, and punitive and other relief, fees and cost, monetary as a result of defendant's willful and malicious acts.

V.                      COUNT I
FAIR DEBT COLLECTIONS PRACTICES ACT
VIOLATION OF § 809(a) 15 USC 1692(g) (a).Validation of debts
(Defendant: First Credit Services Inc.)

All paragraphs are re-alleged as though fully set out herein.

All paragraphs of this Verified Complaint are expressly adopted and incorporated herein as if fully set forth herein.

Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692g (a) by failing to include in the initial communication in connection with the collection of the Debt or send a written notice to Plaintiff within five (5) days of Defendant's initial communication in connection with the collection of the Debt contained a statement that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. (emphasis added).

Specifically, Defendant's Debt Collection Letter or Dunning Letter states that "Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid.(emphasis added).*(see, attached "Exhibit A")* <u>***UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID.***</u> *IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE*

*VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.*

Defendant incorrectly asserts to the least-sophisticated consumer that the Debt will be assumed to be valid in general, not "valid by the debt collector," as is required by the FDCPA.

The above emphasized language leads Plaintiff to believe that failure to dispute this alleged debts within thirty (30) days after receipt of the Debt Collection Letter or Dunning Letter will result in Plaintiff losing or waiving the

ability / right to ever dispute their debts with any other entity. Said assertion is false and a willful misrepresentation of the FDCPA.

Further, Defendant's assertion conveys to the least-sophisticated consumer that the Debt will be assumed to be valid by anyone, not just Defendant. This may lead Plaintiff to believe that failure to now dispute the alleged debts may impact any consumers future rights with other entities, such as a court, credit reporting agency, or other debt collectors. In short, Defendant's usage of this added language leads the least sophisticated consumer, namely Plaintiff to incorrectly interpret 15 U.S.C., Section 1692g(a) validation and verification rights.

As such, Plaintiff are not given their required validation and verification disclosures, thus violating 15 U.S.C., Section 1692(g) (a).

As a direct and proximate result of Defendant's actions, have sustained damages as defined by 15 U.S.C., Section 1692k. The Defendant also willfully deceived the Better Business Bureau (BBB) and the Consumer Financial Protection Bureau (CFPB) in their response letter to Plaintiff Naeem Betz consumer complaint by not stating their legal / lawful status as a Debt Collector. *The*

*Defendant First Credit Services Inc. letter did not disclose that it was attempting to collect a debt from Plaintiff Naeem Betz which is a willful violation § 809(a) 15 USC 1692g(a).*

VI.          COUNT II
FAIR DEBT COLLECTIONS PRACTICES ACT
VIOLATION OF § 809(e) 15 USC 1692(e). False or misleading representations
(Defendant: First Credit Services Inc.)

All paragraphs are re-alleged as though fully set out herein.

All paragraphs of this Verified Complaint are expressly adopted and incorporated herein as if fully set forth herein restated herein and further states as follows:

Defendant is subject to, and has violated the provisions of, 15 U.S.C.,

Section 1692e by using false, deceptive or misleading representations in attempting to collect the debt."[I]t is well established that [a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." Gonzales v. Arrow Fin. Services, LLC, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006); Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 441 (6th Cir. 2008); Russell v.Equifax A.R.S., 74 F.3d 30, 34-35 (2d Cir. 1996)). "Conditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." Gonzales, 660 F.3d at 1063; LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1196 (11th Cir. 2010). Defendant's Debt Collection Letter / Dunning Letter states that "[u]nless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid.(emphasis added) *(see, attached "Exhibit A")* Defendant incorrectly asserts to the least-sophisticated consumer that the debt will be assumed to be valid in general, not "valid by the debt collector," as is required by the FDCPA.

The above emphasized language leads Plaintiff to believe that failure to dispute this alleged Debts within thirty (30) days after receipt of the Debt Collection Letter / Dunning Letter will result in Plaintiff and losing the ability to ever dispute the alleged Debts with any other entity. Said assertion is false and a willful misrepresentation of the FDCPA. Further, Defendant's assertion conveys to the least-sophisticated consumer that the Debt will be assumed to be valid by others, not just Defendant. This may lead Plaintiff to believe that failure to dispute the alleged Debts may impair future rights with respect to other entities, such as a court, credit reporting agency, or other debt collector. In short, Defendant's usage of this added language leads the least sophisticated Consumer, namely Plaintiff to incorrectly believe that he must dispute the Debt with Defendant with 30 days or else and other entities such as a court, credit reporting agency, or other debt collectors will determine that the alleged debts are valid. Defendant's ambiguous, conflicting, and misleading representations would "frustrate a consumer's ability to intelligently choose his or her response." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010). Defendant has violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with the attempt to collect a consumer debt from Plaintiff. As a direct and proximate result of Defendant's actions, Plaintiff have sustained damages as defined by 15 U.S.C., Section 1692k. The Defendant also willfully deceived the Better Business Bureau (BBB) and the Consumer Financial Protection Bureau (CFPB) in their response letter to Plaintiff Naeem Betz consumer complaint by not stating their legal / lawful status as a Debt Collector. The Defendant admitted to Plaintiff in false and misleading representation / letter to calling Plaintiff Naeem Betz private cell phone. *(see, attached "Exhibit C") (See, attached "Exhibit E") The Defendant First Credit Services Inc. letter did not disclose that it was attempting to collect a debt from Plaintiff Naeem Betz which is a willful violation of § 809(e) 15 USC 1692(e). (See, attached "Exhibit E")*

VII.                       **COUNT III**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §227(b)(1)(A)(iii)**
**(Defendant: First Credit Services Inc.)**

All paragraphs are re-alleged as though fully set out herein.

All paragraphs of this Verified Complaint are expressly adopted and incorporated herein as if fully set forth herein restated herein and further states as follows:

Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service. Defendant placed several calls to Plaintiff seeking and demanding payment of an alleged debt. Defendant placed numerous collection calls to Plaintiff starting in October 2014. Defendant placed several collection calls in day to Plaintiff's cell phone number XXX-XXX-8063 from telephone numbers 646-568-9946. *(See "EXHIBIT C" Screenshots of phone call log.)* Plaintiff answered all some of those calls on my call log by saying, "don't call this number your do not have my *express written or verbal consent* "and I hung the cell phone up after I made that statement October 30, 2014 at or around 11:16 am while some of the calls are in the missed section of the call log. The computerized auto response came on during each call answered and also when Plaintiff dialed the number back. After several hours later on October 30, 2014 at or around 1:57 pm Defendant called Plaintiff private cell phone number again that day. Plaintiff repeated the same statement by saying, "don't call this number your do not have my *express written or verbal consent* "and I hung the cell phone up, while some of the calls are in the missed section of the call log. The computerized auto response came on during each call answered and also when Plaintiff dialed the number back. Defendant has committed at least 2 separate

violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The 2 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. *(See "EXHIBIT C" Screenshots of cell phone call log.)* An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. Plaintiff has never given express written or verbal consent or permission to the Defendant to call Plaintiffs private cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b) (3) (B). Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) by continuing to call Plaintiff after receiving the notice of intent to sue letter with total disregard and in violation of 47 U.S.C. §227. The Defendant also willfully deceived the Better Business Bureau (BBB) and the Consumer Financial Protection Bureau (CFPB) in their response letter to Plaintiff Naeem Betz consumer complaint. The Defendant admitted to Plaintiff in a false and misleading representation / letter to calling or placing several call to Plaintiff Naeem Betz private cell phone.
*(See, attached "Exhibit E") (See, attached "Exhibit C")*

VIII. 
## COUNT IV
## VIOLATION OF DISTRICT OF COLUMBIA DEBT COLLECTION LAW (D.C.DCL)
### D.C. Code § 28-3814 et seq :
### (Defendant: First Credit Services Inc. )

The District of Columbia Debt Collection Law (hereinafter D.C.DCL) enforces consumer rights against creditors and debt collectors. D.C. Code § 28-3814 et seq.

It is to be construed and applied liberally to promote its purpose. D.C. Code §28-3814 prohibits harassing communications, disclosure of the alleged debt to third parties, threats of violence or harm, obscene or profane language, and misleading or deceptive tactics.

Plaintiff Naeem Betz has a "claim" as defined by D.C. Code § 28-3814 (b) (1).

First Credit Services Inc. is a "debt collector" because it directly engaged in debt collection as defined by D.C. Code § 28-3814(b)(3).

Defendant First Credit Services Inc. intentionally mailed Plaintiff Naeem Betz a debt collection letter / dunning letter that willfully tried to be fraudulent, deceptive, or misleading in the *"Miranda Disclosure"*. The Defendant identified themselves in the Miranda disclosure as *"This Office"* instead of the *"Debt Collector"* pursuant to D.C. Code § 28-3814 (f) (2). *(See, attached "Exhibit A")* **_UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID._** *IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS*

*AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.*

This is a direct and willful violation of D.C. Code § 28-3814 (f) (2) which states a

(f) No creditor or **_debt collector_** shall use any fraudulent, deceptive, or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers in any of the following ways:

(2) the failure to clearly disclose in all written communications made to collect or attempt to collect a claim or to obtain or attempt to obtain information about a consumer, that the creditor or **_debt collector_** is attempting to collect a claim and that any information obtained will be used for that purpose; *(see, attached "Exhibit A")*

D.C. Code § 28-3814 (j) (1) (2) entitles Plaintiff Naeem Betz to statutory damages, punitive damages and any other relief deemed appropriate by the court of law.

D.C. Code § 28-3814 (j) (1) Proof, by substantial evidence, that a debt collector has willfully violated any provision of the foregoing subsections of this section shall subject such debt collector to liability to any person affected by such violation for all damages proximately caused by the violation.

D.C. Code § 28-3814 (j) (2) Punitive damages may be awarded to any person affected by a willful violation of the foregoing subsections of this section, when and in such amount as is deemed appropriate by the court and trier of fact.

The Defendant also willfully deceived the Better Business Bureau (BBB) and the Consumer Financial Protection Bureau (CFPB) in their response letter to Plaintiff Naeem Betz consumer

complaint by not stating their legal / lawful status as a Debt Collector. The Defendant admitted to Plaintiff in false and misleading representation to calling Plaintiff Naeem Betz private cell phone.

*( See, attached "Exhibit C") (See, attached "Exhibit E")* The Defendant First Credit Services Inc. letter did not disclose that it was attempting to collect a debt from Plaintiff Naeem Betz which is a willful violation of D.C. Code § 28-3814 (f) (2) (j) (1) (2).

*(See, attached "Exhibit E")*

VIV.                           **COUNT V**
**FAIR CREDIT REPORTING ACT (FCRA)**
**VIOLATION OF § (604) 15 USC 1681b (a)(2)(f)(1)(2).**
**Permissible purposes of Consumer Reports**
**Certain use or obtaining of information prohibited**
**(Defendant: First Credit Services Inc.)**

All paragraphs are re-alleged as though fully set out herein.

All paragraphs of this Verified Complaint are expressly adopted and incorporated herein as if fully set forth herein restated herein and further states as follows:

Defendant is subject to, and has violated the provisions of, 15 U.S.C. 1681b

Plaintiff Naeem Betz is a "consumer" as that term is defined by § 603(c) 15 U.S.C.1681a within the meaning of the FCRA.

Defendant First Credit Services Inc. is a "person" <u>**Attorney Collection Agency**</u> who furnishes consumer information to (CRA) Consumer Reporting Agencies that term is defined by - § 603(b) 15 U.S.C.1681a within the meaning of the FCRA.

*(b) The term "person" means any individual, partnership, corporation, trust,*

*Estate, cooperative, association, government or governmental subdivision*

*or agency, or other entity.*

(d) Consumer Report

§ 603(d) 15 U.S.C.1681a within the meaning of the FCRA (d) Consumer Report (1) In general. The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604 [§ 1681b].

Defendant used a "consumer report," as defined by the FCRA, to take a *willful* adverse action by reporting to *"TRANSUNION, LLC"* (CRA) Consumer Reporting Agency an alleged collection trade line debt to **"TRANSUNION, LLC"** commonly known as **"TRANSUNION CREDIT BUREAU"** without pulling or procuring either by *"soft or hard inquiry" commonly known as "credit pull"*, Plaintiff Naeem Betz consumer credit file or credit report dated on *October 20, 2014. (See, attached "Exhibit D").* In the alleged debt collection trade line account details Defendant "First Credit Services Inc." Attorney Collection Agency ("Debt Collector") falsely and willfully reported this information to *"TRANSUNION, LLC"* (CRA) Consumer Reporting Agency when *no alleged debt collection trade line existed until December 25, 2014* when *Plaintiff Naeem Betz received the email alerts from "Credit Karma" on December 26, 2014 (See, attached "Exhibit D")*

Account Type: Open Account

Loan Type: COLLECTION AGENCY/ATTORNEY

Date Updated: 12/12/2014

On or about December 26, 2014 (SEVERAL HOURS LATER) one of the major Consumer Reporting Credit Agencies or Bureaus known as **"TRANSUNION, LLC"** after conducting an investigation with the furnisher Defendant "First Credit Services Inc." ("Debt Collector") concluded that the alleged debt was invalid or unverifiable, and **_DELETED_** the alleged collection trade line debt from Plaintiff Naeem Betz **"TRANSUNION, LLC"** consumer report or credit file *(see, attached "Exhibit D")*.

The disputed debt investigation **_didn't even take (30) days_** for **"TRANSUNION, LLC"** to determine the alleged debt to be invalid or unverifiable. The **_investigation details_** can be seen on *(see, attached "Exhibit D")*.

Also the alleged inquiry was *willfully* not being reported to **"TRANSUNION LLC."** Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff by obtaining proprietary sensitive data and private information contained in Plaintiff consumer file or credit report without obtaining a valid written authorization defined by 15 U.S.C. § 1681b (a) (2)

> *(a) In general. Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:*
>
> *(2) In accordance with the written instructions of the consumer to whom it relates.*

Defendant *willfully* and maliciously created a debt collection trade line that violated their compliance certification with the FCRA by deceptively using their legal status as a collection agency attorney to justify their intentions to maneuver around or violate the FCRA pursuant to 15 USC 1681b (f)(1)(2).

(f) Certain use or obtaining of information prohibited. A person shall not use or obtain a consumer report for any purpose unless

(1) The consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) The purpose is certified in accordance with section 607 [§ 1681e] by a prospective user of the report through a general or specific certification.

**Defendant violations of the FCRA can be seen explicitly on Plaintiff Naeem Betz *TRANSUNION, LLC* consumer report or credit file (see, attached "Exhibit D") at the bottom *circled in red ink,* there is also a *SECURITY ALERT* in the form of *a Extended Fraud Alert that states: Action may be required under FCRA before opening or modifying an account. Contact consumer at (XXX) XXX- 8063. The Defendant "First Credit Services Inc." willfully decided not to contact or call consumer Plaintiff Naeem by either voicemail or U.S. Postal Mail or email when they opened an alleged collection trade line account attempting to collect a non validated and or non-verified alleged debt. The Defendant "First Credit Services Inc." Attorney Collection Agency ("Debt Collector") "ARE NOT CREDITORS" and never had a PERMISSIBLE PURPOSE to pull or access Plaintiff Naeem Betz consumer credit report or file.***

## PRAYER REQUEST FOR RELIEF

WHEREFORE DEMAND FOR REMEDY, Plaintiff demands judgment for damages, actual, statutory, punitive, for the willful violations of the FDCPA, TCPA, FCRA, D.C. CODE 28-3814 for administrative fees and costs Plaintiff demands judgment for damages against Defendant FIRST CREDIT SERVICES LLC., DEBT COLLECTOR, in the amount of monetary compensation (300,000 USD) pursuant to 15 U.S.C.§1692k, 47 U.S.C. §227(3) (B) (C), 15 U.S.C. 1681n, D.C. CODE 28-3814 (j) (1) (2).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues as a matter of law.

Respectfully submitted this 25th day of August, 2015

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(DISRTICT OF COLUMBIA)

Plaintiff, Naeem Betz , states as follows:

I am the Plaintiff in this federal civil proceeding.

I believe that this Civil Federal Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

I believe that this Civil Federal Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint. I have filed this Civil Federal Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided which has been attached to This Civil Federal Complaint is a true and correct copy of the original.

Except for clearly indicated redactions made by my Plaintiff Naeem Betz where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), Naeem Betz, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 08-25-2015

_____
Naeem Betz

ALL RIGHTS RESERVED

NAEEM BETZ
4244 HILDRETH ST. SE
WASHINGTON, DC, 20019
nobetzo@gmail.com

1-202-706-8063

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, I filed the foregoing hand delivered to The District of Columbia Clerk of Court, the CM/ECF System which will then send a notification of such filing. I further state under oath that I caused the forgoing, to be served on the parties listed below by service of process United States Mail, Fed Ex, United States Postal Service Certified Mail or Priority Mail, postage prepaid as a courtesy, on the following:

I certify that a copy of the Summons and Complaint will be served upon the defendant party listed counsel and or registered below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules,

| | |
|---|---|
| Counsel for Defendant: Bess O. Lochocki, Esq. | Registered Agent District of Columbia |
| The Echols Firm, LLC | Corporation Service Company |
| P.O. Box 12645 | 1090 Vermont Ave. NW |
| Rock Hill, SC 29731 | Washington, District of Columbia 20005 |
| 115 Oakland Avenue, Suite 102 | info@cscglobal.com |
| Rock Hill, SC 29730 | |
| Bess.lochocki@theecholfirm.com | |
| 1-803-329-8973 | |