UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NAEEM BETZ, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 15-01376 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 3, 4, 5, 6, 8, 10 |
| | : | | |
| FIRST CREDIT SERVICES, INC., | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

DENYING PLAINTIFF'S MOTION FOR PERMISSION TO USE POST OFFICE BOX ADDRESS,
DENYING PLAINTIFF'S MOTION FOR LEAVE TO OBTAIN A USER NAME AND PASSWORD FOR
THE COURT'S CM/ECF SYSTEM, DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT,
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND GRANTING DEFENDANT'S
MOTIONS FOR EXTENSION OF TIME

## I. INTRODUCTION

Plaintiff Naeem Betz, proceeding *pro se*, filed this action against Defendant First Credit Services, Inc. ("First Credit") seeking damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the District of Columbia's Debt Collection Law, D.C. Code § 28-3814. *See* Compl., ECF No. 1. Several motions are currently pending in this case, and the Court resolves them together in this memorandum opinion and accompanying order.[1]

---

[1] In addition to the motions resolved here, First Credit has filed a motion to dismiss Counts I, II, IV, and V of the Complaint. *See* Def.'s Mot. Dismiss, ECF No. 9. That motion is not yet ripe for decision.

## II.  BACKGROUND

Mr. Betz commenced this action on August 25, 2015 and, in a "Certificate of Service," stated that a copy of the Complaint and summons "will be served" upon Bess Lochocki of The Echols Firm, LLC, outside counsel to First Credit, and Corporation Service Company, First Credit's registered agent for service in the District of Columbia.  *See* Compl. at 20.

On August 31, 2015, The Echols Firm received copies of the Complaint and summons by certified mail.  *See* Decl. Bess D. Lochocki ¶ 2, Def.'s Mot. Extension of Time Ex. C ("Lochocki Decl."), ECF No. 6-3.  On September 2, 2015, Corporation Service Company received copies by certified mail.  *See* Def.'s Mot. Extension of Time Ex. A, ECF No. 6-1.  Corporation Service Company forwarded the copies of the Complaint and summons to First Credit by Federal Express, which First Credit received on September 8, 2015.  *See* Def's Mot. Extension of Time Ex. B, ECF No. 6-2.  Ms. Lochocki states that Corporation Service Company had not previously informed First Credit that it had accepted service and that First Credit's counsel understood the date of service to be September 8, 2015, rather than September 2, 2015, therefore believing that the deadline for First Credit to respond to the Complaint was September 29, 2015, rather than September 23, 2015.  *See* Lochocki Decl. ¶¶ 6–7.

On September 21, 2015, Mr. Betz filed an affidavit requesting that the Clerk of the Court enter a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *See* Aff. for Default, ECF No. 5.  Default has not yet been entered, and that request remains pending.  On September 24, 2015, First Credit filed a motion to extend the time for its response to the Complaint to September 29, 2015, the date First Credit's counsel originally believed its response to be due.  *See* Def.'s Mot. Extension of Time, ECF No. 6.  The next day, with the request for entry of default still pending, Mr. Betz filed a motion for default judgment pursuant to Rule

55(b). *See* Mot. Default Judgment, ECF No. 8. On September 29, 2015, First Credit filed a motion for partial dismissal of the Complaint. *See* Def.'s Mot. Dismiss, ECF No. 9. On October 2, 2015, First Credit filed an amended motion for extension of time to include a meet-and-confer statement in accordance with Local Civil Rule 7(m) and stated that its motions for an extension of time would be opposed. *See* Def.'s Am. Mot. Extension of Time, ECF No. 10.

### III. ANALYSIS

The Court first addresses Mr. Betz's motions for permission to use a Post Office Box address as his residence in this case and for leave to obtain a username and password for the Court's Case Management/Electronic Case Filing system before turning to the various motions concerning the timing of First Credit's response to the Complaint.

**A. Mr. Betz's Motion for Permission to Use a Post Office Box Address as a Residence**

Mr. Betz requests permission to use a United States Post Office Box as his "official address to reference all correspondences from the court, and any documents mailed to the defendant attorney's [sic]." *See* Pl.'s Mot. for Permission to Use Post Office Box, ECF No. 3.

This Court's local rules require individual parties appearing before the Court to provide their full residence address. Local Civil Rule 5.1(c)(1) provides that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party" and parties appearing *pro se* must also include their telephone number. LCvR 5.1(c)(1). The Rule further provides that "[n]otice of a change in address or telephone number of an attorney or a party not represented by an attorney must be filed within 14 days of the change." *Id.* A Post Office Box address does not constitute a full and correct residence address for purposes of the Local Rules. *See* Order to Show Cause at 1–2, *Caldwell v. Obama*, Civ. No. 13-1438 (BAH), ECF No. 4 (D.D.C. Oct. 11, 2013). Mr. Betz provides no justification for his request to depart

3

from the Rule apart from a general reference to the right to privacy. In the absence of any plausible, particularized risk of harm, the Court will not permit a departure from the Rule. *See id.* (denying a *pro se* plaintiff's request to use a P.O. Box as his contact address because the plaintiff failed to "allege any specific source of endangerment"). Moreover, the Court observes that continued use of Mr. Betz's residential address for correspondence will not pose any risk of prejudice to him, as any of his perceived privacy concerns are undercut by his publicly filed Complaint, in which he included his address, telephone number, and e-mail address. *See* Compl. at 1, 20.

Accordingly, the Court will deny Mr. Betz's motion.

### B. Mr. Betz's Motion for Leave to Obtain a CM/ECF Password

Mr. Betz also moves for leave to obtain a username and password for the Court's Case Management/Electronic Case Filing ("CM/ECF") system. *See* Pl.'s Mot. for Leave for Permission for Electronic Case Management / Electronic Case Filing System CM/ECF Password, ECF No. 4.

Local Civil Rule 5.4(b) permits a party appearing *pro se* before the Court to obtain a CM/ECF user name and password from the Clerk of the Court with the Court's permission. LCvR 5.4(b)(2). "Whether leave of Court should be granted is within the discretion of the judge to whom the case is assigned." *Id.* In order to obtain leave of the Court, the *pro se* party must file a motion containing, among other things, a description and confirmation of the party's technical capacity, as well as a certification that the party "has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts." *Id.* While Mr. Betz's motion meets the other requirements of the Rule, his motion does not contain the required certification.

4

Therefore, the Court will deny Mr. Betz's motion without prejudice to permit him to re-file his motion with the required certification.[2]

### C. Mr. Betz's Request for Entry of Default and Motion for Default Judgment and First Credit's Motions for Extension of Time

There are several motions by both parties pending before the Court concerning the timing of First Credit's response to the Complaint in this action. Mr. Betz has requested that the Clerk of the Court enter a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and, while that request has remained pending, has also moved for entry of a default judgment against First Credit pursuant to Rule 55(b). Prior to Mr. Betz's motion under Rule 55(b) and one day after its deadline to respond to the Complaint, First Credit moved for an extension of time to respond to the Complaint pursuant to Rule 6(b), which it later amended, until September 29, 2015. The Court addresses these motions jointly.

Mr. Betz's motion for a default judgment pursuant to Rule 55(b) is premature, because a default judgment can only be entered once a party has been defaulted under Rule 55(a). *See* Fed. R. Civ. P. 55(b). With respect to his request for an entry of default under Rule 55(a), it is well established that "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court do so. But the court should exercise discretion in deciding whether or not to order a default." 10A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2682 (3d ed. 2015). *See also Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 901 F. Supp. 2d 92, 95 n.6 (D.D.C. 2012). The Court will not order a default "when it is apparent that in the exercise of its discretion the default will be set

---

[2]  The Clerk's Office's online tutorial and other helpful information related to the Court's CM/ECF system may be accessed (as of the date of this opinion) at http://www.dcd.uscourts.gov/dcd/ecf-information.

aside on motion." *Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955). The Federal Rules of Civil Procedure provide that a court may set aside an entry of default "for good cause," a lower standard than for setting aside a default judgment. Fed. R. Civ. P. 55(c). In determining whether to set aside an entry of default, courts "resolv[e] all doubts in favor of the party seeking relief from the default" and consider several factors, including whether the default was willful and whether there is a risk of prejudice. *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393 (D.D.C. 2005) (citing *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995)).

With respect to First Credit's motions for extension of time, Rule 6(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The D.C. Circuit has described several factors for courts to consider when making a determination of "excusable neglect," including the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, and the reason for the delay. *See Smith v. District of Columbia*, 430 F.3d 450, 456 n.5 (D.C. Cir. 2005).

The Court finds ample grounds to determine that First Credit's failure to timely respond to the Complaint was due to excusable neglect and that permitting it additional time to respond will not prejudice Mr. Betz. First Credit's counsel has explained that it miscalculated the time by which a response to the Complaint was due as a result of a miscommunication with its client regarding the date that Mr. Betz's Complaint was served.[3] In the Court's view, this is sufficient

---

[3] The Court has some question as to whether service in this case was valid, as it appears that Mr. Betz effected service himself by mail. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). In the absence of a challenge by First Credit as to the validity of service, the Court will not address this issue on its own.

to demonstrate that its failure was due to excusable neglect, rather than any willful violation. Moreover, there is no prejudice to Mr. Betz here, given that First Credit filed its motion for an extension of time only one day after its response was due and that it filed its motion for partial dismissal less than one week after that. For the same reasons, the Court declines to enter a default, as, in its discretion, any entry of default in this case would later be set aside on motion.

Accordingly, the Court will deny both Mr. Betz's request for entry of default and his motion for entry of a default judgment and grant First Credit's motion for an extension of time to respond until September 29, 2015, deeming its partial motion to dismiss as timely filed.[4]

### IV.  CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion for Permission to Use Post Office Box Address (ECF No. 3), deny without prejudice Plaintiff's Motion for Leave for Permission for Electronic Case Management / Electronic Case Filing System CM/ECF Password

---

[4]  First Credit filed its partial motion to dismiss on September 29, 2015, and, in its motion, requested that the Court stay its obligation to answer the Complaint on the remaining counts of the Complaint pending resolution of the motion. *See* Def.'s Mot. Dismiss at 1–2. Rule 12(a)(4) of the Federal Rules of Civil Procedure alters the standard period for responding to a Complaint when the responding party files a motion under Rule 12, providing that the responsive pleading must be served within 14 days of notice of the Court's action on the motion. *See* Fed. R. Civ. P. 12(a)(4). The Rules do not specifically address the applicability of this Rule to a partial motion to dismiss, and, though there does not appear to be any precedent in this Circuit on the issue, "the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." 5B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1346 (3d ed. 2015). *See also Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572–73 (E.D. Va. 2002) (discussing the issue and the rationale for the majority view). The Court adopts the majority view and finds that First Credit's partial motion to dismiss, which the Court deems to have been timely filed, suspends the time by which it must respond to the entirety of the Complaint pursuant to Rule 12(a) of the Federal Rules of Civil Procedure.

(ECF No. 4), deny Plaintiff's request for entry of default (ECF No. 5), deny Plaintiff's Motion for Default Judgment (ECF No. 8), and grant Defendant's Motion for Extension of Time to File (ECF No. 6) and Defendant's Amended Motion for Extension of Time to File (ECF No. 10).  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  October 15, 2015                                                        RUDOLPH CONTRERAS
                                                                                                    United States District Judge